UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

NEOGEN CORPORATION, a Michigan corporation,

    Plaintiff/Counter-Defendant,

v.

MICROBAC LABORATORIES, INC.,

    Defendant/Counter-Plaintiff.

Case No. 1:24-cv-00404

Hon. Jane M. Beckering

---

| | |
|---|---|
| VARNUM LLP<br>Aaron M. Phelps (P64790)<br>Herman D. Hofman (P81297)<br>Gage M. Selvius (P85559)<br>Attorneys for Plaintiff/Counter-Defendant<br>Bridgewater Place, P.O. Box 352<br>Grand Rapids, MI 49501-0352<br>(616) 336-6000<br>amphelps@varnumlaw.com<br>hdhofman@varnumlaw.com<br>gmselvius@varnumlaw.com | BABST CALLAN CLEMENTS AND ZOMNIR, PC<br>Erin Lucas Hamilton (PA ID #93852)<br>Attorneys for Defendant/Counter-Plaintiff<br>Two Gateway Center, 6th Floor<br>Pittsburgh, PA 15222<br>(412) 394-5400<br>ehamilton@babstcalland.com |

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for December 6, 2024, at 10:00 a.m. before District Judge Jane M. Beckering, by telephone.  Appearing for the parties as counsel will be:

    <u>For Plaintiff/Counter-Defendant Neogen</u>:   Aaron M. Phelps (P64790) and/or Herman D. Hofman (P81297)

    <u>For Defendant/Counter-Plaintiff Microbac</u>:   Erin Lucas Hamilton (PA ID #93852)

    1.   <u>Jurisdiction</u>:   The basis for the Court's jurisdiction is:

***This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity) because the matter in controversy exceeds $75,000 and the action is between companies which are incorporated in different states and whose principal places of business are located in different states.***

2. <u>Jury or Non−Jury</u>:   This case is to be tried ***before a jury***.

3. <u>Judicial Availability</u>: The parties ***do not agree*** to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. Statement of the Case: This case involves:

### *Neogen's Statement of the Case:*

**Microbac was a customer of Neogen, which has ordered a variety of Neogen products for years. Microbac was also a customer of 3M Company, whose food safety division has now merged with Neogen. The products Microbac ordered have been delivered and accepted by Microbac pursuant to the agreement between the parties, and to Neogen's knowledge, have been used by Microbac. The products were purchased by Microbac subject to the seller's respective terms and conditions, and Neogen has fully complied with the applicable terms and conditions. Despite Neogen's full performance of the contract, Microbac has not paid the outstanding balance it owes on 150 invoices from Neogen and 26 invoices from 3M. The total unpaid balance that Microbac owes to Neogen is approximately a million dollars. Microbac admits in its Answer that it has not paid the outstanding Neogen invoices.**

**Microbac attempted to bring Counterclaims in response to Neogen's Complaint. Neogen filed a motion to dismiss Microbac's Counterclaims, which was granted as to all of Microbac's implied warranty Counterclaims. The Court has determined that the seller's respective Terms and Conditions apply to the transaction between the parties.**

**Accordingly, the only potential Counterclaims that now remain require Microbac to prove that, for each individual product Microbac claims was "defective," that Microbac submitted a claim pursuant to the express warranty in the respective terms and conditions, and Neogen failed to comply with the express warranty such that the express warranty has**

failed in its essential purpose. Discovery is expected to reveal that Microbac failed to even submit a claim pursuant to Neogen's express warranty for most, if not all, of the products that have been delivered, thus negating any claim that the express warranty failed of its essential purpose. If any claim was submitted pursuant to the express warranty, discovery is expected to reveal that Neogen complied with the express warranty and Microbac was made whole pursuant to the Agreement, and that the express warranty therefore did not fail in its essential purpose. Microbac's Counterclaims are meritless, and any remaining Counterclaims are expected to fail.

<u>*Microbac's Statement of the Case*</u>:

Microbac is a family-owned private Pennsylvania company that provides analytical laboratory testing for the food industry where timing and quality standards must be met for public safety. After Plaintiff and Counter-Defendant Neogen acquired the food safety division of 3M Company, Microbac's prior supplier of food safety testing products, Microbac began placing orders for the same food testing products from Neogen that it had formerly purchased from 3M in 2022. In the fall of 2023, the orders Neogen sent Microbac included defective products, were sent late, incomplete, containing the wrong products and/or sent to the wrong location while Neogen simultaneously sent Microbac inaccurate bills for product purchases causing substantial confusion and chaos in Microbac's business operations. Neogen refused to provide any information about the nature or cause of the defective products and declined to sufficiently acknowledge, address or remedy the defective products. On the limited occasions Neogen sent Microbac replacement products in response to Microbac's complaints, such replacement products were also defective.

Microbac initiated a lawsuit against Neogen in Pennsylvania state court in March 2024 intending to assert claims against Neogen for the damages resulting to it from the defective products, but before Microbac filed the Complaint setting forth its causes of action, Neogen filed the present action asserting breach of contract for Micorbac's alleged failure to pay for the products including

the defective products. Microbac thus pled its claims against Neogen in this action, raising counterclaims for breach of express warranty, breach of the implied warranties of merchantability and fitness for a particular purpose, and breach of contract in its Answer and Defenses to Amended Complaint and First Amended Counterclaims.

Neogen filed a Motion to Dismiss Microbac's Amended Counterclaims in their entirety before discovery claiming that different sets of terms and conditions applied to bar Microbac's counterclaims which Microbac denied. Over Micorbac's objection, this Court dismissed Microbac's implied warranty claims but permitted its breach of contract and breach of express warranty claims to proceed noting that Microbac had adequately plead the Neogen's limited remedy contained in the terms and conditions failed its essential purpose.

Microbac is confident discovery will reveal the defective nature of the products at issue. Furthermore, any defense offered by Neogen that Microbac failed to adhere to limited warranty performance procedures will fail as such procedures were either adhered to and/or waived by Neogen. Furthermore, such provisions are unenforceable as a matter of law under the circumstances.

5. <u>Prospects of Settlement</u>: The status of settlement negotiations is:

*The parties have been actively discussing and will continue to discuss possible settlement and have made material progress toward possible resolution of this matter.*

6. <u>Pendent State Claims</u>: This case ***does not*** include pendent state claims.

7. <u>Joinder of Parties and Amendment of Pleadings</u>:   The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by ***January 6, 2024***.

8. <u>Disclosures and Exchanges</u>:

(a) FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

*The Parties will exchange Rule 26(a)(1) disclosures by December 31, 2024.*

4

(b) The parties expect to be able to furnish the names of expert witness(es) by **February 7, 2025**. The parties expect to be able to furnish the names of rebuttal expert witness(es) by **March 7, 2025**.

(c) The parties plan to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2). Reports will be exchanged according to the following schedule:

*Expert Reports should be exchanged 60 days prior to the close of discovery. Rebuttal reports, if any, should be exchanged 30 days prior to the close of discovery.*

(d) The parties have agreed to make available the following documents without the need of a formal request for production:

*The parties are unable to agree on voluntary production at this time.*

9. <u>Discovery</u>: The parties believe that all discovery proceedings can be completed by *June 6, 2025*. The parties recommend the following discovery plan:

*The parties will engage in fact discovery where they will explore the parties' claims and counterclaims, alleged injuries, and alleged damages; as well as the defenses of the parties. The parties do not believe that discovery should be conducted in phases or focused on certain issues. The parties do not believe that the presumptive limits for interrogatories (Rule 33(a) (25 single part questions)) and depositions (Rule 30(a)(2)(A) (10 depositions per side); Rule 30(d)(1) (one day of seven hours per witness)) should be modified in this case.*

10. <u>Disclosure or Discovery of Electronically Stored Information</u>: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

*At this time, the parties do not anticipate any undue burden, excessive expenses, or any other special issues related to the disclosure or discovery of electronic information, but will promptly address any issues that do arise during the course of discovery, including entering into an appropriate stipulation for the production of electronically stored information (ESI) if needed. Unless specifically requested otherwise, the parties agree that they will initially produce ESI in a form adequate and reasonable to satisfy each party's discovery requests herein for ESI.*

11. <u>Assertion of Claims of Privilege or Work−Product Immunity After Production</u>:

*The parties agree that in the event of an inadvertent disclosure of privileged materials, the party making the inadvertent disclosure shall notify the other and request its return, and said request will be complied with. Should the parties disagree as to whether certain materials are privileged and should be returned on notice, either party may file a motion with the Court and request the appropriate relief.*

12. <u>Motions</u>: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

***Neogen anticipates filing a Motion for Summary Judgment in favor of Neogen on both the claims in Neogen's Complaint and Microbac's Counterclaims following completion of discovery.***

The parties anticipate that all dispositive motions will be filed by ***30 days after the close of discovery***.

13. <u>Alternative Dispute Resolution</u>:  In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.  The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

***Voluntary facilitative mediation at the close of discovery.***

14. <u>Length of Trial</u>:  Counsel estimate the trial will last approximately five (5) days total, allocated as follows: 2.5 days for Neogen's case and 2.5 days for Microbac's case.

15. <u>Electronic Document Filing System</u>: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must <u>file</u> documents electronically but <u>serve</u> pro se parties with paper documents in the traditional manner.

16. <u>Other</u>: The parties have identified no other special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

          Respectfully submitted,

          VARNUM LLP
          Attorneys for Plaintiff/Counter-Defendant

Dated: November 27, 2024        By:  */s/ Herman D. Hofman*
          Aaron M. Phelps (P64790)
          Herman D. Hofman (P81297)
          Gage M. Selvius (P85559)

                    Bridgewater Place, P.O. Box 352
                    Grand Rapids, MI 49501-0352
                    (616) 336-6000
                    amphelps@varnumlaw.com
                    hdhofman@varnumlaw.com
                    gmselvius@varnumlaw.com

BABST CALLAN CLEMENTS AND ZOMNIR, PC
Attorneys for Defendant/Counter-Plaintiff

Dated: November 27, 2024        By:  */s/    Erin Lucas Hamilton*
                                         Erin Lucas Hamilton (PA ID #93852)
                                         Two Gateway Center, 6th Floor
                                         Pittsburgh, PA 15222
                                         (412) 394-5400
                                         ehamilton@babstcalland.com